In the
United States Court of Appeals
For the Seventh Circuit

No. 00-1191

Ivan Beslic,

Petitioner,

v.

Immigration and Naturalization Service,

Respondent.

Petition for Review of an Order
of the Board of Immigration Appeals.
No. A36-973-625

Argued May 9, 2001--Decided September 7, 2001


   Before Ripple, Manion, and Kanne, Circuit
Judges.

   Kanne, Circuit Judge.  Petitioner Ivan
Beslic was convicted in federal court of
conspiring to export without a license
military weapons and related articles
including Stinger missiles, Red-eye
missiles, M-16 rifles, and night vision
equipment. The Immigration Judge ("IJ")
found Beslic deportable on the grounds
that he had been convicted of an offense
that was: (1) an aggravated felony; (2) a
firearms offense; and (3) a violation of
a law prohibiting the export of goods
from the United States. The IJ also
denied Beslic's application for
adjustment of status. Beslic appealed to
the Board of Immigration Appeals ("BIA"),
and the BIA affirmed the decision of the
IJ. Beslic now seeks review of the BIA's
decision. We dismiss Beslic's petition
for want of jurisdiction.

I.  History

   Beslic, a native of Croatia, immigrated
to the United States in 1979 and was
granted permanent resident status. On
January 30, 1995, he was convicted in
federal district court of conspiring to
violate 22 U.S.C. sec.sec. 2778(b)(2) and
(c), which prohibit the export of defense
articles from the United States without a
license. He was sentenced to thirty days

imprisonment, three years supervised release, and five months home confinement. In an Order to Show Cause ("OSC") dated January 8, 1997, the INS charged Beslic with deportability under 8 U.S.C. sec. 1251(a)(2)(A)(iii) (current version at 8 U.S. C. sec. 1227(a)(2)(A)(iii)) as one convicted of an aggravated felony and 8 U.S.C. sec. 1251(a)(2)(C) (current version at 8 U.S.C. sec. 1227(a)(2)(C)) as one convicted of a firearms or destructive devices offense. On April 24, 1997, the INS added an additional charge alleging that Beslic was also deportable pursuant to 8 U.S.C. sec. 1251(a)(4)(A)(i) (current version at 8 U.S. C. sec. 1227(a)(4)(A)(i)) as one who engaged in activity to violate any law "prohibiting the export from the United States of goods, technology, or sensitive information." Id.

In proceedings before the Immigration Judge, Beslic admitted the fact of his conviction and conceded that he was deportable on the aggravated felony and firearms charges. He did, however, challenge the INS's contention that he was deportable for violating the export laws. Beslic argued that the export activities giving rise to his conviction did not involve a threat to national security and that 8 U.S.C. sec. 1251(a)(4)(A)(i) should be construed to require such a showing. The IJ rejected this argument and found Beslic deportable as charged. The IJ also denied Beslic's application for adjustment of status because he found that Beslic had not met his burden of showing that he was admissible to the United States as required by 8 U.S.C. sec. 1255(a). Specifically, the IJ found that Beslic was inadmissible under 8 U.S.C. sec. 1182(a)(3)(A), which provides that "[a]ny alien who . . . the Attorney General knows, or has reasonable ground to believe, seeks to enter the United States to engage solely, principally, or incidentally in--(i) any activity . . . (II) to violate or evade any law prohibiting the export from the United States of goods, technology, or sensitive information" is inadmissible.

On appeal to the BIA, Beslic once again asserted that he was not deportable under 8 U.S.C. sec. 1251(a)(4)(A)(i). He argued that the legislative history of sec.

1251(a)(4)(A) makes it clear that Congress intended that provision to include only violations of the export laws that compromise national security. The BIA determined that, even under his proposed interpretation of the statute, Beslic was deportable as charged because Beslic's participation in a conspiracy to export weapons "undermined the strong national security interest in restricting through a licensing procedure both the number and types of weapons leaving the country" and "compromised the strong national security interest in maintaining control over which persons, groups or nations receive and thereafter utilize such weapons." In re Beslic, slip op. 3-4 (BIA Dec. 23, 1999). As a result of the fact that the BIA concluded that Beslic's actions did threaten national security, it declined to reach the question of whether 8 U.S.C. sec. 1251(a)(4)(A)(i) includes violations of the export laws that do not threaten national security. In a divided decision, the BIA also upheld the IJ's denial of Beslic's application for adjustment of status. The BIA found that Beslic's conviction created a presumption that he was seeking to enter the country "at least 'incidentally' to engage in the illegal export of defense technology" and that Beslic had failed to meet his burden in overcoming that presumption. On appeal, Beslic concedes his deportability but challenges the BIA's determination that he does not qualify for adjustment of status under 8 U.S.C. sec. 1255(a)./1 Id. at 4-5.

## II. Analysis

The government argues that we lack jurisdiction over Beslic's appeal. Because Beslic was placed in deportation proceedings prior to April 1, 1997 and challenges a BIA decision issued on or after October 31, 1996, our jurisdiction is governed by the transitional rules set forth in section 309(c)(4) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 3009 (1996). According to the government, section 309(c)(4)(E) of IIRIRA--which provides that "there shall be no appeal of any discretionary decision under section . . . [8 U.S.C. sec. 1255(a)]"-- eliminates our jurisdiction to review Beslic's petition. Although the

government is correct that section 309(c)(4)(E) generally creates a jurisdictional bar in cases involving a challenge to a denial of adjustment of status, our cases have recognized that such "door-closing statute[s] . . . are often interpreted as being inapplicable to constitutional challenges." McBrearty v. Perryman, 212 F.3d 985, 987 (7th Cir. 2000); cf. Singh v. Reno, 182 F.3d 504, 507 (7th Cir. 1999) (acknowledging that "a safety valve remains whereby deportees can seek direct review of substantial constitutional issues in the courts of appeals"); Czerkies v. U.S. Dept. of Labor, 73 F.3d 1435, 1441 (7th Cir. 1996) ("Each statute must stand on its own two feet, but each is informed by the presumption . . . against slamming the courthouse door in the face of holders of constitutional claims."). Allowing a petitioner to seek direct review of constitutional challenges ensures that "judicial review is curtailed as Congress intended, but enough of a safety valve is left to enable judicial correction of bizarre miscarriages of justice." LaGuerre v. Reno, 164 F.3d 1035, 1040 (7th Cir. 1998). Direct review in this court is an "exceptional procedure," see Singh, 182 F.3d at 510, however, and it is only available to petitioners who have raised a "substantial constitutional claim[ ]," Lara-Ruiz v. INS, 241 F.3d 934, 939 (7th Cir. 2001).

In an attempt to show that he has raised a substantial constitutional claim, Beslic argues that the language of 8 U.S.C. sec. 1182, which provides that aliens are inadmissible if they are attempting to enter the United States to "evade any law prohibiting the export of goods, technology, or sensitive information," is unconstitutionally vague. Although Beslic labels his argument as a vagueness challenge, it is clear from his brief that he is actually challenging the BIA's decision to apply the admissibility statute to offenses such as his, which involve the export of non-classified materials without a license--a challenge that we are without jurisdiction to hear. Even if Beslic had properly articulated a vagueness challenge, it is questionable whether such a challenge to an admissibility statute would be cognizable. Although the Supreme Court has made it clear that an alien may bring a vagueness challenge to

a deportation statute, see Jordan v. De George, 341 U.S. 223, 231, 71 S. Ct. 703, 95 L. Ed. 886 (1951), it is doubtful that an alien has a right to bring such a challenge to an admissibility statute. In Boutlier v. INS, 387 U.S. 118, 87 S. Ct. 1563, 18 L. Ed. 2d 661 (1967), the Supreme Court refused to entertain a vagueness challenge to an immigration statute that prohibited the admission of aliens "afflicted with psychopathic personality." Id. at 118, 123-24. The Court stated that "[t]he constitutional requirement of fair warning has no applicability to standards . . . for admission of aliens to the United States. . . . Congress has plenary power to make rules for the admission of aliens and to exclude those who possess those characteristics which Congress has forbidden." Id. at 123.

Moreover, even if we assume, arguendo, that Beslic could bring a vagueness challenge to 8 U.S.C. sec. 1182(a)(3)(A)(i), we believe that such a claim would lack merit. The fact that it may be difficult to determine whether a particular offense falls within the meaning of a statute does not automatically make a statute impermissibly vague. See Jordan, 341 U.S. at 232 (holding that the term "moral turpitude" was sufficiently definite to provide aliens with fair warning of the possibility of deportation). Instead, "[t]he test is whether the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." Id. at 231-32. Despite Beslic's repeated assertions to the contrary, we are unable to find that the language of 8 U.S.C. sec. 1182(a)(3)(A)(i) fails to provide fair warning to aliens of the consequences of exporting defense articles without a license. Section 1182(a)(3)(A)(i) does not "contains terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application." Gresham v. Peterson, 225 F.3d 899, 907 (7th Cir. 2000) (citation and internal quotation omitted). Therefore, we find that Beslic has not presented a substantial constitutional question sufficient to trigger the safety valve of review in this court.

III.  Conclusion

For the foregoing reasons, we do not have jurisdiction to hear this appeal. Accordingly, the petition for review is DISMISSED.

FOOTNOTE

/1 It appears from Beslic's brief to this court that he continues to challenge the BIA's determination that he was deportable as one convicted of violating the export laws, see 8 U.S.C. sec. 1251(a)(4)(A)(i) (current version at 1227(a)(4)(A)(i)); however, we need not address that claim because he has conceded his deportability on two other grounds.