NONPRECEDENTIAL DISPOSITION
To be cited only in accordance
with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 14, 2007[*]
Decided December 18, 2007

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 07-1070

| | |
|---|---|
| JOSE ALEJANDRO GARCIA-CASIANO,<br>    *Petitioner*,<br><br>    *v.*<br><br>MICHAEL B. MUKASEY, Attorney<br>General of the United States,<br>    *Respondent* | Petition for Review of an Order of the<br>Board of Immigration Appeals<br><br>No. A75-548-322 |

**O R D E R**

Jose Alejandro Garcia-Casiano, a native of Mexico, entered the United States without inspection in 1991. The Immigration and Naturalization Service thereafter denied his application for adjustment of status and waiver of inadmissibility, and an Immigration Judge found him removable and ineligible for cancellation of removal. The Board of Immigration Appeals affirmed. Garcia-Casiano petitions for

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

review, arguing that the IJ erred in refusing to grant him a continuance and that the section of the Immigration and Naturalization Act (INA) that makes certain aliens convicted of crimes related to controlled substances ineligible for admission is unconstitutionally vague. We deny Garcia-Casiano's petition for review.

In March 2005 the INS issued a charging document to Garcia-Casiano claiming that he was subject to removal on two grounds: (1) as an alien present in the United States without being admitted or paroled, INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), and (2) as an alien convicted of violating a state law relating to a controlled substance, INA § 212(a)(2)(A)(i)(II), 8 U.S.C. § 1182(a)(2)(A)(i)(II). At his July 2005 hearing, Garcia-Casiano admitted to the factual allegations in the charging document, including the allegation that he had been convicted in Illinois for possessing cocaine in violation of 720 ILCS 570/402(c). He also admitted that he was removable as an alien present in the United States without being admitted or paroled. He denied, however, that he was removable under § 212(a)(2)(A)(i)(II) for having been convicted of a crime relating to a controlled substance. The IJ then scheduled another hearing for October. Several days later, Garcia-Casiano filed a complaint for declaratory relief in federal district court seeking a determination that his state drug conviction did not constitute an aggravated felony.

At the October removal hearing, Garcia-Casiano requested cancellation of removal under INA § 240A(a) and sought a continuance of the proceedings pending the resolution of his declaratory action in federal court. *See* 8 U.S.C. § 1229b(a)(1). The IJ denied the continuance, reasoning that it was bound only by decisions of the BIA and this court. The IJ then held that Garcia-Casiano was removable and ineligible for cancellation of removal under INA § 240A(a) because that section applied only to lawful permanent residents. The IJ then ordered Garcia-Casiano's removal to Mexico. Shortly thereafter, the district court dismissed without prejudice Garcia-Casiano's action for a declaratory judgment.

Garcia-Casiano appealed the IJ's decision to the BIA, arguing that his past drug conviction did not constitute an aggravated felony, that the IJ erred in refusing to grant a continuance, and that he is eligible for cancellation of removal under INA § 240A(b). The BIA dismissed Garcia-Casiano's appeal. It acknowledged that Garcia-Casiano's drug conviction did not constitute an aggravated felony under *Lopez v. Gonzales*, 127 S. Ct. 625 (2006), yet it held that he was nonetheless ineligible for relief under INA § 240A(b)(1)(C), which makes anyone convicted of an offense related to a controlled substance ineligible for cancellation of removal.

On appeal, Garcia-Casiano argues that the BIA erred in upholding the IJ's refusal to continue the proceedings while his district court case was pending. We do not have jurisdiction to review the denial of Garcia-Casiano's continuance request.

*Ali v. Gonzales*, 502 F.3d 659, 660 (7th Cir. 2007). And this case does not fall within the exception noted in *Subhan v. Ashcroft*, 383 F.3d 591, 595 (7th Cir. 2004), because the denial of the continuance did not nullify a statutory opportunity to adjust status. *See* 8 U.S.C. § 1252(a)(2)(B)(ii). Moreover, the grounds on which Garcia-Casiano seeks a continuance are moot. His case is no longer pending in the district court and the question at issue there—whether his past drug offense constituted an aggravated felony—has been decided in his favor, though it is irrelevant because he is nonetheless ineligible for cancellation of removal. Thus, we lack jurisdiction to review the denial of his continuance on multiple grounds. *See St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 626 (7th Cir. 2007) (federal jurisdiction is lacking when a case is moot).

Garcia-Casiano next argues that INA § 212(a)(2)(A)(i)(II) is void for vagueness under the Due Process Clause of the Fifth Amendment. We have jurisdiction to review all constitutional claims and questions of law arising out of deportation hearings, *Rosales-Pineda v. Gonzales*, 452 F.3d 627, 629-630 (7th Cir. 2006), and our review is de novo, *Lara-Ruiz v. INS*, 241 F.3d 934, 939 (7th Cir. 2001).

We question whether a vagueness challenge to an admissibility statute—as opposed to a removal statue—is cognizable because the constitutional requirement of fair warning does not apply to standards for admission of aliens given that Congress has plenary power to make admission rules. *See, e.g, Beslic v. INS*, 265 F.3d 568, 571 (7th Cir. 2001); *Boutilier v. INS*, 387 U.S. 118, 123 (1967). But even assuming the vagueness doctrine applies to § 212(a)(A)(i)(II), Casiano's challenge is without merit. A statute is unconstitutionally vague when its language fails to convey a "sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." *Beslic*, 265 F.3d at 572 (internal quotations omitted). A statute that contains "terms so vague that [persons] of common intelligence must necessarily guess at its meaning and differ as to its application" will be struck down. *Gresham v. Peterson*, 225 F.3d 899, 907 (7th Cir. 2000) (quoting *Roberts v. United States Jaycees*, 468 U.S. 609, 629 (1984)).

INA § 212(a)(A)(i)(II) makes any alien who has been convicted of a law relating to a controlled substance inadmissible:

> [A]ny alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of . . . a violation (or conspiracy or attempt to violate) any law or regulation of a State, the United States, or foreign country relating to a controlled substance (as defined in section 802 of Title 21) . . . is inadmissible.

8 U.S.C. § 1182(a)(2)(A)(i)(II).  Garcia-Casiano argues that the language above stating that "any law or regulation of a State . . . relating to a controlled substance" is so vague that a person of common intelligence would not be forewarned as to what activity is proscribed.  We are unpersuaded.  No person of common intelligence would believe that a conviction for possessing cocaine is not encompassed by the language of the statute.  Cocaine is commonly understood to be a controlled substance, and possession of a controlled substance is commonly understood to be illegal.  Finally, Garcia-Casiano fails to point to any aspect of the statute that might lead to arbitrary enforcement.

We DENY Garcia-Casiano's petition for review.