# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 08-3367

THELMA LOPEZ FIGUERAS, et al.,

*Petitioners,*

*v.*

ERIC H. HOLDER, JR., Attorney General
of the United States,

*Respondent.*

Petition for Review of an Order
of the Board of Immigration Appeals.
Nos. A99-346-275, A99-346-276, A99-346-277 & A99-346-278

ARGUED FEBRUARY 26, 2009—DECIDED JULY 27, 2009

Before BAUER, KANNE, and SYKES, *Circuit Judges.*

SYKES, *Circuit Judge.* Thelma Figueras, a native and
citizen of the Philippines, entered the United States in
2002 with her husband and two children. All four over-
stayed their visitors' visas. In 2006 Figueras filed an
application to adjust her status to that of a lawful perma-
nent resident based on her employment as a registered
nurse. The Department of Homeland Security denied her
application and initiated removal proceedings. Figueras

tried to renew her application during the removal proceedings, but the immigration judge ("IJ") held that she had abandoned her application because she failed to submit the required documents 14 days before her hearing. In fact, Figueras's attorney had filed a motion for a continuance a month before the scheduled hearing in order to obtain the documents establishing Figueras's eligibility to adjust status. The IJ, mistakenly believing that the motion had been filed by an attorney who had not entered an appearance in the case, disregarded the motion. Rather, at the scheduled hearing on the merits, the IJ declared the adjustment application abandoned and ordered the petitioners removed.

On appeal the Board of Immigration Appeals ("BIA") assumed that the IJ had abused his discretion in declining to rule on the motion for the continuance. However, it held that the error was harmless because Figueras was ineligible for adjustment of status. In so holding, the BIA failed to consider the additional evidence of Figueras's eligibility to adjust status that she submitted on appeal—evidence that the IJ's error had effectively excluded from the record. Figueras petitioned this court for review, arguing that the BIA violated her right to a reasonable opportunity to present evidence of her eligibility. We agree. Under 8 U.S.C. § 1229a(b)(4), Figueras had a right to a reasonable opportunity to present her evidence of eligibility for adjustment of status. The BIA violated this right by refusing to either remand the case to allow the IJ to consider her additional evidence or ruling on the merits of her claim as a matter of law. Accordingly, we grant the petition for review and remand for further proceedings.

## I. Background

After overstaying her visitor's visa by more than three years, Thelma Figueras filed an application with the Department of Homeland Security ("DHS") in 2006 to adjust her status based on her employment as a registered nurse. *See* 8 U.S.C. § 1255(a). She named her husband, Danilo Figueras, and two children as derivative beneficiaries of her application. DHS denied Figueras's application in 2007 for three reasons: (1) she failed to submit her nursing credentials in time; (2) she was ineligible for adjustment of status because she had overstayed her visa, *see* 8 U.S.C. § 1255(c); and (3) she could not escape the consequences of her illegal status by invoking 8 U.S.C. § 1255(i) because she was not the beneficiary of a visa petition filed before April 30, 2001.[1] DHS then initiated removal proceedings against each of the petitioners.

At the removal hearing before the IJ, the Figuerases' attorney requested additional time to explore any remaining avenues of relief. Specifically, he noted that the petitioners may be eligible for adjustment of status through Danilo Figueras, who was listed on an I-130 form filed by his grandfather on behalf of his father and approved in 1977.[2] The IJ granted the Figuerases a three-

---

[1] Her employer did not file a visa petition on her behalf until March 2006.

[2] The record appears to show that Aquilino Figueras, Mr. Figueras's grandfather, is a naturalized U.S. citizen. After

(continued...)

month continuance and set the merits hearing for August 22, 2007. He required the petitioners to submit their adjustment applications, any supporting documents, and their merits brief by August 8, 2007. On July 20 the Figuerases filed a motion for a continuance, requesting more time to collect the necessary documents. The IJ did not rule on the motion because he mistakenly thought it had been filed by an attorney who had not made an appearance in the case. Accordingly, by the time of the merits hearing, the Figuerases had not produced their adjustment applications or any supporting documentation. The IJ held that they had abandoned their applications and ordered them removed.

On appeal, the BIA affirmed the IJ's order of removal, but on different grounds. It assumed without deciding that the IJ had abused his discretion in declining to rule on the Figuerases' motion for a continuance. However,

---

[2] (...continued)

becoming a citizen, Aquilino filed an I-130 form (a petition for an alien relative) on behalf of Lauro Figueras, his married son who still lived in the Philippines. The I-130 also listed Danilo Figueras, Lauro's minor and then-unmarried son, as a beneficiary. The petition was approved in 1977. Lauro immigrated to the United States and soon thereafter became a lawful permanent resident. Danilo remained in the Philippines and married Thelma before coming to the United States in 2002 on a visitor's visa. Thelma Figueras argues that she is eligible for adjustment of status through her husband's "grandfathered" status, but does not further explain how her husband's status might confer eligibility on her and her children.

the BIA held that the error was harmless because Thelma Figueras, the principal applicant, had overstayed her visa and was thus ineligible to adjust her status. *See* 8 U.S.C. § 1255(c) (aliens who fail to maintain a continuously lawful status in the United States are not eligible for adjustment of status). Furthermore, the BIA concluded she did not qualify for adjustment under 8 U.S.C. § 1255(i), which waives any period of illegal stay in the United States if a visa petition was filed on behalf of the petitioner on or before April 30, 2001, because her employer did not file a visa petition on her behalf until 2006. The Board noted Figueras's argument that she might be eligible to adjust status through her husband's alleged grandfathered status but refused to consider her evidence on this point because it had not been submitted originally to the IJ. The BIA then dismissed the appeal, and Figueras petitioned for review.

## II. Discussion

Figueras first challenges the IJ's refusal to rule on her motion for a continuance, arguing that the refusal constituted an abuse of discretion. The focus of this argument, however, is misplaced. The BIA subsequently issued an independent decision that assumed error on the IJ's part and went on to decide the merits of Figueras's application. When the BIA issues an independent opinion that does not merely adopt or supplement the opinion

of the IJ, we review the BIA's superceding opinion only.[3]
*Moab v. Gonzales*, 500 F.3d 656, 659 (7th Cir. 2007).

Next, Figueras argues that the BIA violated her due-process right to a fair hearing by refusing to consider her additional evidence on appeal. We have repeatedly stated, however, that statutory claims should come before constitutional claims. Aliens have a statutory right to a reasonable opportunity to present evidence in their favor, 8 U.S.C. § 1229a(b)(4), and proceedings which comply with statutory and regulatory requirements also satisfy due process. *Rehman v. Gonzales*, 441 F.3d 506, 508 (7th Cir. 2006). "We have cautioned against 'leading with

---

[3] We have previously held that continuance decisions fall within the jurisdictional bar of 8 U.S.C. § 1252(a)(2)(B)(ii). *Iqbal Ali v. Gonzales*, 502 F.3d 659, 663-64 (7th Cir. 2007). Figueras briefly argues that her case comes under the rule laid out in *Subhan v. Ashcroft*, 383 F.3d 591 (7th Cir. 2004). *Subhan* stands for the proposition that we can review the denial of a continuance motion when that denial effectively nullifies the alien's statutory opportunity to adjust status. This jurisdictional issue simply is not implicated here. As we have noted, rather than affirm the IJ's decision to deny the continuance, the BIA assumed this denial was error and addressed the merits of Figueras's application, albeit without addressing her additional evidence. *Subhan* does not apply in this situation. *See, e.g., Garcia-Casiano v. Mukasey*, 258 F. App'x. 30, 32 (7th Cir. 2007) (holding that a case does not fall within the *Subhan* exception if the BIA acknowledges error by the IJ and decides the case on different grounds). That is, we have the merits—not the propriety of a continuance decision—before us on this petition for review.

an open-ended due process argument' and advised that '[a]liens should stick with claims based on the statutes and regulations unless they believe that one of these rules violated the Constitution or that lacunae in the rules have been filled with defective procedures.'" *Pronsivakulchai v. Gonzales*, 461 F.3d 903, 907 (7th Cir. 2006) (quoting *Rehman*, 441 F.3d at 509). The proper inquiry—and the one we undertake here—is whether the BIA violated Figueras's statutory right to a reasonable opportunity to present evidence in her removal proceeding. *See* 8 U.S.C. § 1229a(b)(4).

The question whether the BIA violated this statutory right is a question of law that we have jurisdiction to review. 8 U.S.C. § 1252(a)(2)(D). Here, the BIA dismissed Figueras's appeal instead of either remanding the case to the IJ to consider her additional evidence of eligibility or ruling on her alternative theory as a matter of law. The BIA justified its dismissal by stating that Figueras did not present this evidence to the IJ and that the applicable regulations bar the BIA from considering new evidence on appeal. *See* 8 C.F.R. § 1003.1(d)(3)(iv).

It is true that the relevant regulations prohibit the BIA from engaging in fact-finding on appeal, but they also give the Board authority to remand a case to the IJ if additional fact-finding is necessary. *Id.* Here, the BIA began its analysis by assuming that the IJ had abused his discretion by refusing to consider Figueras's motion for a continuance. Figueras needed the extra time to gather evidence of the alternative ground for her eligibility to adjust status. Having assumed that the IJ

had wrongfully refused to give Figueras more time to collect this documentation, the BIA could not then fault Figueras for failing to submit all her evidence to the IJ in the first place. Rather than simply dismissing the appeal, the BIA should have either remanded the case to allow the IJ to consider the additional evidence or addressed her alternative ground for eligibility as a matter of law.

The government argues that remand was inappropriate because Figueras never filed a motion to remand or reopen the proceedings before the IJ. *See* 8 C.F.R. § 1003.1(d)(3)(iv) (a party requesting additional fact-finding "*must* file a motion for remand") (emphasis added). As we have noted, however, the BIA also has the authority to remand a case sua sponte if further fact-finding is necessary. *Id.* ("If further factfinding is needed in a particular case, the Board may remand the proceeding to the immigration judge . . . ."). The proper remedy for the assumed error was to remand the case to permit Figueras to present her evidence to the IJ in the first instance. Alternatively, the BIA could have addressed, as a matter of law, Figueras's adjustment application under her proposed alternative theory of eligibility that hinged on Danilo Figueras's status. The BIA's failure to do either was erroneous.

The government also argues that Figueras forfeited her argument concerning her eligibility to adjust through Danilo Figueras by failing to develop it sufficiently. It is true that Figueras gave this argument rather cursory treatment in the proceedings before the BIA, as well as

before this court. She has not fully explained how she is eligible based on her husband's "grandfathered" beneficiary status. However, the BIA dismissed Figueras's appeal not because she had failed to develop this argument on appeal but because she had not produced evidence to support it before the IJ.[4] That she did not do so was attributable to the IJ's error in disregarding her motion for a continuance and deeming her adjustment application abandoned. Accordingly, we think the decision to accept or reject Figueras's alternative theory that she and her family are eligible for adjustment of status should be made by the agency in the first instance, on an appropriate record.

In addition to showing error, however, Figueras must also show prejudice. *Rehman,* 441 F.3d at 509. As our discussion thus far makes clear, Figueras was obviously hindered by the BIA's refusal to either remand the case to allow the IJ to consider her additional evidence of eligibility or rule on her alternative theory as a matter

---

[4] The BIA noted Figueras's limited development of her alternative argument but did not decide the appeal on this basis. Rather, at the end of its opinion, the BIA wrote: "Moreover, the respondents implicitly argue, *without any citation to supporting legal authority*, that a lead applicant for adjustment of status, who is otherwise ineligible for adjustment . . . may become eligible . . . because a derivative applicant for adjustment of status is allegedly the derivative beneficiary of an adjustment application filed on his father's behalf." (Emphasis added.) The BIA then dismissed the appeal without further discussion or analysis of the issue.

of law. As it stands, it is unclear whether Figueras's additional evidence would establish to the agency's satisfaction that she is eligible for adjustment of status. However, once the BIA assumed error on the part of the IJ in disregarding the motion for a continuance, Figueras was entitled to have either the IJ or the BIA assess her alternative theory of eligibility on the merits. If the IJ had received and considered her additional evidence, he may have found her eligible for adjustment of status, and the rest of the family along with her. *See Boyanivskyy v. Gonzales*, 450 F.3d 286, 294 (7th Cir. 2006). Likewise, if the BIA had considered her proffered alternative basis for eligibility, it may have held that she had a viable theory and remanded to the IJ for further fact-finding. True, the BIA might have determined that the additional evidence was insufficient, as a matter of law, to render Figueras eligible for adjustment of status. Either way, Figueras was entitled to have either the IJ or the BIA rule on the merits of her alternative theory of adjustment eligibility.

Accordingly, we GRANT the petition for review, VACATE the BIA's decision, and REMAND for further proceedings.