FLOYD, Circuit Judge:
Vijaya Boggala, a citizen and native of India, petitions this Court for review of an order from the Board of Immigration Appeals (BIA), which found him both removable and inadmissible on the basis of his North Carolina deferred prosecution agreement for soliciting a child by computer to commit a sex act. Because the BIA properly found Boggala removable and inadmissible for being convicted of a crime involving moral turpitude, we deny Bogga-la’s petition for review.
I.
A.
We begin with a brief overview of the relevant statutory scheme contained in the Immigration and Nationality Act (INA). An alien who is a permanent resident of the United States can lose permanent resi *565 dent status upon a finding of removability, based on the criteria for removability listed in INA § 237, 8 U.S.C. § 1227. Once an alien ‘is found removable, the alien may attempt to reobtain permanent resident status by requesting an adjustment of status under INA § 245(a), 8 U.S.C. § 1255(a). To obtain an adjustment of status, the alien must be found to be admissible. The criteria that render an alien inadmissible are found in INA § 212, 8 U.S.C. § 1182. If an alien is found to be inadmissible under certain provisions of INA § 212, the alien may apply for a waiver of inadmissibility pursuant to INA § 212(h), 8 U.S.C. § 1182(h). If the alien has committed a crime that is “violent or dangerous,” then a heightened standard applies to the § 212(h) waiver application, requiring “extraordinary circumstances” for the waiver to be granted, 8 C.P.R. § 1212.7(d).
B.
We now turn to the facts of this case. Boggala is a 37-year-old doctor who completed medical school in India; he traveled to the United States in 2007 with a valid visa to prepare for and participate in a residency at a hospital in Greensboro, North Carolina. In 2008, Boggala married a United States citizen, and in- 2009, he adjusted his status • to ¡that of a lawful permanent resident based on his marriage.
On January 12, 2012, Boggala initiated a conversation in a chatroom with an individual who used the screenname “JennAn-gel2010.” A.R. 778. “JennAngel2010” told Boggala that she was a 14-year-old girl living in Fayetteville, North Carolina. Unbeknownst to Boggala, “JennAngel2010” was actually an undercover police officer. During this first conversation, Boggala attempted to arrange a meeting with “Jen-nAngel2010” for that day. He also told her that he wanted to have sex with her and made a variety of other sexually explicit remarks.
Boggala and “JennAngel2010” continued to have sexually explicit conversations for about 19 days, and eventually made plans to meet on January 31, 2012. On January 31, Boggala drove from Greensboro to Fayetteville, and arrived at the parking lot where he had arranged to meet “JennAn-gel2010.” He was then taken into custody by the police. He had four condoms in his pocket when he.was apprehended. When interviewed by the police, Boggala—who was 31 years old at the time—admitted that he believed that “JennAngel2010” was only 14 years old.
Boggala was charged by criminal information with soliciting a child by computer to commit an unlawful sex act in violation of N.C. Gen. Stat. § 14-202.3(a). On August 14, 2012, Boggala and his attorney met with the prosecutor. During this meeting, Boggala waived indictment by signing the criminal information (the “Information”). The Information alleged that Bog-gala engaged in conduct that constitutes the offense of soliciting a child by computer to commit an unlawful sex act, and listed relevant factual details such as Bog-gala’s age (31), the child’s' age (14), and the location where they were going to meet. A.R. 816. Also during the meeting, Bogga-la entered into a deferred prosecution agreement, pursuant to N.C. Gen. Stat. § 15A-1341(al), which established that the state of North Carolina would defer prosecution of the crime in exchange for Bogga-la’s fulfillment of certain conditions. A.R. 818-819.
Later that day, a deferred prosecution hearing was held in North Carolina Superior Court. At that hearing, the court told Boggala:
Sir, you are admitting responsibility and stipulating to the facts to be used against you and admitted into evidence without objection in the state’s prosecution against you for this offensé should *566 prosecution become necessary as, a result of these terms, that is, if you do not complete the terms of this agreement. Do you understand that?
A.R. 826. Boggala responded, ‘Tes.” Id. The court then accepted the deferred prosecution agreement and placed Boggala on supervised, probation for twelve months.
Because of Boggala’s offense, the Department of Homeland Security (DHS) apprehended Boggala on February 26, 2013, and issued him a notice to appear for removal proceedings. DHS charged Bog-gala with removability as (1) an alien convicted of an aggravated felony under INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a) (2) (A) (iii); and (2) an alien convicted of a crime involving moral turpitude under INA § 237(a)(2)(A)®, 8 U.S.C. § 1227(a)(2)(A)®.
On March 12, 2013, Boggala appeared at a preliminary hearing before an immigration judge (IJ) and denied that he was removable as charged. Boggala filed a motion to terminate his removal proceedings, arguing that his deferred prosecution did not constitute a “conviction” for immigration purposes and that, in any event, his offense did not qualify as an aggravated felony or a crime involving moral turpitude. DHS fíléd in opposition, and submitted into evidence the Information, the deferred prosecution agreement, and the transcript from the deferred prosecution hearing.
. On January 30, 2014, the IJ denied Bog-gala’s motion to terminate proceedings, based on a determination that Boggala was removable under INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), for being convicted of an aggravated felony. A,R. 214. The IJ reserved judgment on whether Boggala was additionally removable under INA § 237(a)(2)(A)®, 8 U.S.C. § 1227(a)(2)(A)®, for being convicted of a crime .involving moral turpitude^ A.R. 214 n.2. Boggala then indicated that he intended to apply for relief from removal through an application for adjustment of status in conjunction with a § 212(h) waiver of inadmissibility.
On October 8, 2014, Boggala conceded that his offense qualified as a crime involving moral turpitude, rendering him removable; however, he argued that his offense did not render him inadmissible because it was subject to the petty offense exception under INA § 212(a)(2)(A)(ii)(II), 8 U.S.C. § 1182(a)(2)(A)(ii)(II),[1] and that for this reason, he did not need to apply for a § 212(h) waiver. The IJ disagreed, and on March 3, 2015, found that Boggala’s conviction was for a crime involving moral turpitude and that the petty offense exception did not apply, rendering Boggala inadmissible. As a result, Boggala was required to apply for a § 212(h) waiver. The IJ adjourned the proceedings to allow the parties to brief whether Boggala’s crime was “violent or dangerous” such that the heightened “exceptional and extremely unusual hardship” standard of 8 C.F.R. § 1212.7(d) would apply to his request for a § 212(h) waiver.
On May 18, 2015, after briefing, the IJ found that Boggala was ■ removable as charged and that his offense was “dangerous,” which meant that the heightened hardship standard applied to his request for a § 212(h) waiver of inadmissibility. The IJ then found that this standard had not been met, and consequently denied *567 Boggala’s § 212(h) waiver request. In the alternative, the IJ denied the waiver request as a matter of discretion. As a result, Boggala was ■ ordered removed to India.
On June 16, 2015, Boggala filed an appeal with the BIA. On May 3, 2016, in a detailed single-member opinion, the BIA affirmed each aspect of the IJ’s decision and dismissed Boggala’s appeal. Boggala then timely petitioned this Court for review.
II.
Notwithstanding the limitations on review of discretionary denials of relief and certain final removal orders found in INA § 242(a)(2)(B)(i) & (a)(2)(C), 8 U.S.C. § 1252(a)(2)(B)© & (a)(2)(C), this Court still has jurisdiction to review questions of law and constitutional claims associated with such rulings, INA § 242(a)(2)(D),- 8 U.S.C. § 1252(a)(2)(D). We conduct this review de novo. Amos v. Lynch, 790 F.3d 512, 517. & n.3 (4th Cir. 2015). Where, as here, the BIA “affirmed the IJ’s order and supplemented it,” we review “the factual findings and reasoning contained in both-decisions.” Niang v. Gonzales, 492 F.3d 505, 511 n.8 (4th Cir. 2007).
III.
Boggala argues that (1) his North Carolina deferred prosecution does not qualify as a “conviction” under the INA; (2) the' phrase “crime involving moral turpitude” is void for vagueness; (3) his crime was not an “aggravated felony;” and (4) his crime was not “violent or dangerous” within the meaning of 8 C.F.R. § 1212.7(d). We find each of these arguments unpersuasive or insufficient to warrant relief.
A
Boggala first argues that his North Carolina deferred prosecution does not qualify as' a “conviction” under the INA. The INA defines a “conviction” as “a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where ... the alien ... has admitted sufficient facts to warrant a finding of guilt.” INA § 101 (a)(48)(A)(i), 8 U.S.C. § 1101(a)(48)(A)(i). Thus, the relevant question here is whether Boggala has “admitted sufficient facts to warrant a finding of guilt.” Id.[2] The definition of “conviction” contained in the INA applies to the question of both Boggala’s remova-bility and his inadmissibility, as both issues turn on whether he has been “convicted” of a crime involving moral turpitude. See INA § 237(a)(2)(A)(i), 8 U.S.C. § 1227(a)(2)(A)® (rémovability); INA § 212(a)(2)(A)(i)(I), 8 U.S.C. § 1182(a)(2)(A)(i)(I) (inadmissibility).
In the past, this Court has interpreted § i01(a)(48)(A)(i) strictly, refraining from expanding the meaning of “conviction.” In Crespo v. Holder, we were presented with an adjudication where a judge had found sufficient facts to support a finding of guilt; however, the-judge did not actually find the alien guilty, and the alien did not admit to any of the facts. 631 F.3d 130,134 (4th Cir. 2011). Because this scenario did not satisfy any of the criteria described in § 101(a)(48)(A)(i), we refused to deviate from the text, and held that the adjudication did not qualify as a conviction. Crespo, 631 F.3d at 136.
By that same logic, in this case we must find that Boggala has truly made factual admissions “sufficient' ... to warrant a finding of guilt.” INA § 101(a)(48)(A)(i), 8 U.S.C. § 1101(a)(48)(A)(i). The mere fact *568 that he admitted responsibility is not by itself sufficient to meet this standard. See Iqbal v. Bryson, 604 F.Supp.2d 822, 826 (E.D. Va. 2009) (holding that a New York Pretrial Diversion Agreement under which, an alien had accepted responsibility—but had made “no other reference to the facts underlying the charges”—was not a “conviction”).
L
■ We first address the question, of whether Boggala made factual admissions during the deferred prosecution process. During the deferred prosecution hearing, the court told Boggala, “you are admitting responsibility and stipulating. to the facts to be used against you and' admitted into evidence without objection in. the state's prosecution against you for this offense should prosecution become necessary .... Do you understand that?” A.R. 826 (emphasis added). Boggala then responded, ‘Yes.” Id. We believe that this exchange constitutes a factual stipulation. Specifically, it is a stipulation to the facts contained in the. Information.[3]
It is clear that the court was referring to the facts in the Information when it spoke of the “the facts to be used against” Bog-gala. A.R. 826.. In its question, the court used the phrase, “the facts.” By using the definite article “the,” the court made clear that it was referencing a concrete, existing set of facts.[4] The Information was the only defined set of facts in existence, and thus the only set to which the court could have been referring. Moreover, given that Bog-gala replied “Yes” to the court’s question, A.R. 826, indicating that he understood it, we cannot presume that the question contained a nonsensical reference to a nonexistent set of facts.
Additionally, when indictment is waived and a case proceeds upon a criminal information, as happened here, it is the criminal information exclusively that defines the factual allegations in a case. The criminal information’s very purpose is (1) to define the criminal conduct that the prosecution must prove at trial, see N.C. Gen. Stat. § 15A-642(a); N.C. Gen. Stat. § 15A-921; and (2) to inform the defendant of the specific factual allegations, that have been levied against him, see N.C. Gen. Stat, § 15A-924(a)(5) (requiring that a criminal information include “[a] plain and concise factual statement in each count .,. [made] with sufficiént precision clearly to apprise the defendant ... of the conduct which is the subject of the accusation” (emphasis added)). The .criminal information’s fact-defining ' function in criminal proceedings thus confirms our understanding that the court was referencing the Information when it spoke of “the facts to be used against” Boggala. A.R. 826.
Moreover, just as it is clear that the court was referring to the Information in its question to Boggala, it is also clear that Boggala’s affirmative response to the court’s question was made with full knowl *569 edge of both the contents and function of the Information. Boggala and his attorney had received and signed the Information earlier that very day, during the same meeting in which Boggala signed the deferred prosecution agreement. This was the only account of the facts that was presented to Boggala before the deferred prosecution hearing. Moreover, Boggala was made aware that if his case went to trial, he would be tried on the basis of the Information. See A.R. 816 (“I, the undersigned defendant, waive'the finding and return into Court of a Bill of Indictment and agree that the case may be tried upon the above information.”). Boggala’s confirmation during the hearing that he was stipulating to “the facts to be used against” him was therefore made with knowledge of the contents of the Information, as well as knowledge of its significance. A.R. 826. We thus conclude that his confirmation was a meaningful one.
At bottom, Boggala was informed in writing of the facts to be used against him, and then later that same day stated that he was stipulating to the facts to be used against him. He cannot now claim that this stipulation was without significance.- We therefore find that Boggala stipulated to the facts in the Information during his deferred prosecution hearing.
2.
Having found that Boggala stipulated to the facts in the Information, we must next determine whether this stipulation is “sufficient ... to warrant a finding of guilt.” INA § 101(a)(48)(Á)(i), ' 8 U.S.C. § 1101(a)(48)(A)(i). The Information alleged in factual detail that Boggala had committed conduct that violated each element of N.C. Gen. Stat. § 14-202.3(a). A.R. 816. Boggala thus stipulated to the facts underlying each element of the crime. We find this sufficient to warrant a finding of guilt. Cf. United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991) (upholding a finding of a factual basis for a guilty plea where defendant signed and thén verified in court a statement of facts that “set[ ] forth each element of the offense and the facts to support each of the [relevant] counts”). We therefore uphold the BIA’s determination that Boggala’s deferred prosecution agreement' was a “conviction” under the INA.
B.
Next, Boggala argues that the phrase “crime involving moral turpitude” is void for vagueness, and that he therefore should not have been found to be removable and inadmissible for having committed a crime involving moral turpitude under INA § 237(a)(2)(A)©, 8 U.S.C. § 1227(a)(2)(A)© and INA § 212(a)(2)(A)(i)(I), 8 U.S.C. § 1182(a)(2)(A)(i)(I).[5] A statute violates the Due Process Clause of the Fifth Amendment if it is “so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement.” Johnson v. United States, — U.S. —, 135 S.Ct. 2551, 2556, 192 L.Ed.2d 569 (2015).
In Jordan v. De George, the Supreme Court addressed whether the phrase “crime involving moral turpitude” is void for vagueness in the context of crimes involving fraud. 341 U.S. 223, 223-24, 71 S.Ct. 703, 95 L.Ed. 886 (1951). The *570 Court concluded that the phrase was not unconstitutionally vague in the fraud context, id. at 232, 71 S.Ct. 703, and also made the more general - pronouncement that “[t]he phrase' ‘crime involving moral turpitude’ presents no greater uncertainty or difficulty than language found in many other statutes repeatedly sanctioned by the Court,” id. at 231 n.15, 71 S.Ct. 703. We see no reason to depart from this assessment. Moreover, Boggala has not provided evidence of unworkability surrounding this phrase comparable, to what the Supreme Court has previously relied upon to hold a statute unconstitutionally vague. See Johnson, 135 S.Ct. at 2558 (holding the residual clause of the Armed Career Criminal Act void for vagueness due to “hopeless indeterminacy” and “repeated attempts and repeated failures to craft a principled and objective standard”). We therefore reject Boggala’s claim that the phrase “crime involving moral turpitude” is void for vagueness in the remova-bility and admissibility contexts.[6]
C.
Boggala further argues that his crime did not constitute a “violent or dangerous” crime within the meaning of 8 C.F.R. § 1212.7(d), and that therefore his request for a § 212(h) waiver of inadmissibility should not have been subjected to a heightened standard. We need not consider this argument, however, because Bog-gala’s request for a § 212(h) waiver was alternatively denied on discretionary grounds. The IJ held that even assuming that Boggala was not required to meet the heightened standard for a § 212(h) waiver, his application would still be denied as a matter of discretion. The BIA upheld this determination, and Boggala has not challenged this holding. Thus,' we need not consider his argument regarding the “violent or dangerous” standard, given that the BIA’s unchallenged holding dictates that even if Boggala’s crime' was not considered “violent or dangerous,” his application would still be denied.
IV.
Boggala was properly found removable and inadmissible based on his conviction of a crime involving moral turpitude. Bogga-la’s petition for review is therefore

DENIED.

. INA § 212(a)(2)(A)(ii)(II), 8 U.S.C. § 1182(a)(2)(A)(ii)(II), as relevant here, states that an alien is not rendered inadmissible by a conviction for a crime of moral turpitude if the alien has committed only one crime, and "the maximum penalty possible for the crime of which the alien was convicted (or which the alien admits haying committed ,or ,of which the acts that the alien admits having committed constituted the essential elements) did not exceed imprisonment for one year.”

. INA § 101(a)(48)(A)(ii), 8 U.S.C. § il01(a)(48)(A)(ii), also requires "some form of punishment, penalty, or restraint on the alien’s liberty to be imposed.” Boggala does not dispute that this element is satisfied here.

. We note that the deferred prosecution agreement is not by itself a sufficient "admis- . sion of facts,” given that it seems to merely describe the anticipated admission of responsibility and stipulation to take place during the hearing. See A.R. 818 ("The admission of responsibility given by me and any stipulation of facts shall be used against me and admitted into evidence without objection in the State’s prosecution against me for this offense should prosecution become necessary as a result of these terms and conditions of deferred prosecution.”). In contrast, at the hearing the court spoke in the present tense when informing Boggala that "you are admitting responsibility and stipulating to the facts to be used against you,” A.R. 826. It is therefore evident that the stipulation occurred in the course of that exchange;

. In contrast, the deferred prosecution agreement contained the more open-ended phrase "any facts,” A.R. 818, which implies that a set of facts might or might not exist.

. It is unclear whether an alien is allowed to bring a vagueness challenge to admissibility laws. See Beslic v. I.N.S., 265 F.3d 568, 571 (7th Cir. 2001) ("[I]t is doubtful that an alien has a right to bring [a vagueness] challenge to an admissibility statute.” (discussing Boutilier v. I.N.S., 387 U.S. 118, 123-24, 87 S.Ct. 1563, 18 L.Ed.2d 661 (1967))). We assume for the sake of argument that Boggala can make such a challenge because, as discussed below, we believe that Boggala’s vagueness challenge is without merit.

. Boggala additionally argues that his conviction was not an "aggravated felony,” and thus he should not have been found to be remova- ■ ble under INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii). Because we hold that he was properly found to be removable for having committed a crime involving moral turpitude, we need not reach this issue.