**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1861**

MYTHILI GOPAL,

               Petitioner,

     v.

JEFFERSON B. SESSIONS III, Attorney General,

               Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: February 1, 2018             Decided: February 9, 2018

Before DUNCAN, AGEE, and WYNN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Janeen Hicks Pierre, PIERRE LAW, PLLC, Charlotte, North Carolina, for Petitioner. Chad Readler, Principal Deputy Assistant Attorney General, Christopher C. Fuller, Deputy Chief, Paul F. Stone, Senior Counsel for National Security, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mythili Gopal, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals dismissing her appeal from the immigration judge's order denying Gopal's applications for adjustment of status and an 8 U.S.C. § 1182(h)(1)(B) (2012) waiver of inadmissibility, and ordering her removed to India. The immigration judge first concluded that Gopal was ineligible for a waiver of inadmissibility pursuant to 8 C.F.R. § 1212.7(d) (2017) and the Attorney General's opinion in *In re Jean*, 23 I. & N. Dec. 373 (A.G. 2002), because she was convicted of a "dangerous" crime and failed to meet the heightened hardship requirement triggered by that determination. The immigration judge alternatively concluded, after balancing the equities in this case, that regardless of Gopal's ability to demonstrate hardship to her qualifying U.S.-citizen relatives, he would deny the waiver of inadmissibility as a matter of discretion. The Board affirmed all bases for the immigration judge's disposition.

Gopal's first two appellate issues pertain to the agency's first ruling that Gopal was convicted of a "dangerous" crime and failed to meet the heightened hardship standard under *In re Jean*. The Attorney General counters that we lack jurisdiction over these claims in light of the agency's alternative holding. We agree with the Attorney General and therefore dismiss this petition for review as to these claims because the agency's alternative, discretionary holding moots the issues related to the agency's hardship analysis. *See Boggala v. Sessions*, 866 F.3d 563, 570 (4th Cir. 2017) (declining to consider alien's argument "that his crime did not constitute a 'violent or dangerous' crime within the meaning of 8 C.F.R. § 1212.7(d), and that therefore his request for a

2

§ 212(h) waiver of inadmissibility should not have been subjected to a heightened standard[,] . . . because [alien's] request for a § 212(h) waiver was alternatively denied on discretionary grounds"), *petition for cert. filed*, (U.S. Jan 8, 2018) (No. 17-996).

With regard to the discretionary denial of Gopal's application for a waiver of inadmissibility, we have clearly held that we lack jurisdiction to review a discretionary ruling that is based on factual circumstances. *See* 8 U.S.C. §§ 1182(h), 1252(a)(2)(B) (2012); *see, e.g.*, *Gomis v. Holder*, 571 F.3d 353, 358-59 (4th Cir. 2009); *Saintha v. Mukasey*, 516 F.3d 243, 248 (4th Cir. 2008). Upon review of the issues raised on appeal, we agree with the Attorney General that Gopal has not raised any constitutional claims or colorable questions of law that would otherwise restore our jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(D) (2012). Accordingly, we dismiss this petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*