GREGORY, Chief Judge, dissenting:
 

 The majority endorses the Board's decision to ban a lawful permanent resident from the country based on a conviction that never occurred. Rather than grappling with this fact, the majority misconstrues the exhaustion doctrine to hold that we lack jurisdiction to consider it. Because I believe that we have jurisdiction to consider Shaw's argument regarding the reliability of the government's evidence, and that it has merit, I would grant the petition for review, vacate the order of removal, and remand to the Board for further proceedings.
 

 I.
 

 Andrew Richard Shaw has been a lawful permanent resident in the United States since 1988. In June 2007, he pleaded guilty under New Jersey's generic conspiracy statute to agreeing with another person to commit or aid in "a crime." N.J. Stat. Ann. § 2C:5-2. Seven years later, when Shaw was returning from a trip abroad, the Department of Homeland Security (DHS) deemed him inadmissible based on his 2007 conspiracy conviction. Six months after that, DHS initiated removal proceedings, again based solely on the 2007 conspiracy conviction. DHS charged in relevant part that the conviction qualified as a violation of a law relating to a controlled substance under the INA,
 
 8 U.S.C. § 1182
 
 (a)(2)(A)(i)(II), and therefore rendered Shaw inadmissible.
 
 [1]
 

 To substantiate this charge, DHS produced two documents: an indictment and the judgment of conviction. The indictment alleges that Shaw and two other individuals "did conspire with each other to dispense or distribute a controlled dangerous substance, that is, marijuana, in a quantity of twenty-five pounds or more, in violation of N.J.S. 2C:35-5a(1) and 2C:35-5b( (10)(a) ), contrary to the provisions of N.J.S. 2C:5-2." A.R. 146.
 
 [2]
 
 The judgment shows that Shaw pleaded guilty to one count of conspiracy in the third degree. Based on these documents, the immigration judge (IJ) found that Shaw had been convicted of conspiracy to distribute twenty-five pounds or more of marijuana, agreed with DHS that Shaw was inadmissible to the United States under
 
 8 U.S.C. § 1182
 
 (a)(2)(A)(i)(II), and ordered him removed. Shaw appealed to the Board of Immigration Appeals (Board) without success. Like the IJ, the Board determined that Shaw's conviction was for the conspiracy
 crime charged in the indictment. Shaw now seeks review in this Court.
 

 II.
 

 Under New Jersey law, the conspiracy-to-distribute-drugs charge listed in the indictment DHS presented cannot be the conspiracy crime listed in the judgment. The record contains no conclusive evidence that Shaw admitted to or was convicted of a controlled-substance offense. Thus, DHS has failed to meet its burden of proving that Shaw is inadmissible under
 
 8 U.S.C. § 1182
 
 (a)(2)(A)(i)(II), and the IJ and the Board erred by relying on the indictment DHS presented.
 

 A.
 

 New Jersey grades conspiracy offenses according to the seriousness of the underlying object of the conspiracy: "[C]onspiracy to commit a crime of the first degree is a crime of the second degree," and in all other cases, "conspiracy is a crime of the same degree as the most serious crime which is the object of the conspiracy." N.J. Stat. Ann. § 2C:5-4. In other words, second-degree conspiracy is conspiracy to commit a crime of either the first or second degree; third-degree conspiracy is conspiracy to commit a crime of the third degree; and fourth-degree conspiracy is conspiracy to commit a crime of the fourth degree.
 
 See
 
 id.
 

 Because Shaw was convicted of third-degree conspiracy, we know that he was convicted of conspiring to commit a crime of the third degree.
 
 See
 
 id.
 

 But the conspiracy crime listed in the indictment is not a crime of the third degree. The indictment alleges that Shaw conspired to dispense or distribute twenty-five pounds or more of marijuana in violation of N.J. Stat. Ann. §§ 2C:35-5a(1) and 2C:35-5b(10)(a). Per those statutes, dispensation or distribution of twenty-five pounds or more of marijuana is a crime of the first degree.
 

 Id.
 

 § 2C:35-5a(1), b(10)(a). Thus, the conspiracy crime in the indictment is a crime of the
 
 second
 
 degree.
 
 See
 

 id.
 

 § 2C:5-4.
 

 Simply put, Shaw did not admit to and was not convicted of conspiracy to dispense or distribute twenty-five pounds or more of marijuana. He admitted to and was convicted of conspiracy to commit a lesser crime not listed in the indictment.
 

 B.
 

 This discrepancy is significant not only because DHS has misrepresented Shaw's conviction but because DHS has the burden of proving that Shaw in fact committed an act that renders him removable under the INA. In removal proceedings against a lawful permanent resident, DHS must "establish[ ] by clear and convincing evidence" that the lawful permanent resident is removable.
 
 See
 
 8 U.S.C. § 1229a(c)(3)(A) ;
 
 Salem v. Holder
 
 ,
 
 647 F.3d 111
 
 , 114 (4th Cir. 2011). The clear-and-convincing standard is "a heavy burden, requiring 'evidence of such weight that it produces in the mind of the trier of fact a firm belief or conviction, without hesitancy, as to the truth of the allegations sought to be established,' or 'evidence that proves the facts at issue to be highly probable.' "
 
 United States v. Watson
 
 ,
 
 793 F.3d 416
 
 , 420 (4th Cir. 2015) (quoting
 
 United States v. Heyer
 
 ,
 
 740 F.3d 284
 
 , 292 (4th Cir. 2014) ).
 

 DHS charged that Shaw was removable under
 
 8 U.S.C. § 1182
 
 (a)(2)(A)(i)(II). Thus, DHS had to prove by clear and convincing evidence that Shaw was "convicted of, or [ ] admit[ted to] having committed, or [ ] admit[ted to] committing acts which constitute the essential elements of ... a violation of (or a conspiracy or attempt to violate) any law or regulation of a State,
 the United States, or a foreign country relating to a controlled substance."
 
 See
 
 id.
 

 DHS failed to meet its burden. Given that the indictment DHS presented does not list the crime to which Shaw pleaded guilty, that document offers no evidence of either Shaw's conviction or what Shaw admitted to doing. Without the indictment, the only evidence of Shaw's conviction is the judgment. And the judgment shows only that Shaw was convicted of conspiracy to commit "a crime" of the third degree.
 
 See
 
 N.J. Stat. Ann. §§ 2C:5-2, 4; A.R. 143. This is not enough to give rise to "a firm belief or conviction, without hesitancy," that Shaw was convicted of conspiracy to violate a law relating to a controlled substance.
 
 See
 

 Watson
 
 ,
 
 793 F.3d at
 
 420 ;
 
 cf.
 

 Valansi v. Ashcroft
 
 ,
 
 278 F.3d 203
 
 , 217 (3d Cir. 2002) (declining to speculate that noncitizen pleaded guilty to offense that would render her removable because "alien defendants considering whether to enter into a plea agreement are acutely aware of the immigration consequences of their convictions" (quoting
 
 I.N.S. v. St. Cyr
 
 ,
 
 533 U.S. 289
 
 , 322,
 
 121 S.Ct. 2271
 
 ,
 
 150 L.Ed.2d 347
 
 (2001) ) ).
 

 The record suggests that DHS had doubts about the sufficiency of its evidence too. During the removal proceedings, DHS requested a continuance and an extension of time-after it had submitted the judgment and indictment described here-so that it could obtain additional records of Shaw's conviction. A.R. 152 ("DHS has requested additional documents from the New Jersey Superior Court, Law Division Hudson County. DHS has not yet received a response to that request.... DHS would respectfully request more time to allow the New Jersey state court to respond to the request for additional documents....[ ] Once DHS receives a response, DHS will be able to fully respond to the respondent's motion to terminate."). Indeed, multiple documents could have revealed the
 
 actual
 
 object crime underlying Shaw's conspiracy conviction-the transcript of the plea colloquy, the plea agreement, a superseding indictment. But DHS never submitted any of these additional documents.
 
 [3]
 

 There is a reason that 8 U.S.C. § 1229a(c)(3)(B) -the INA provision listing documents that "shall constitute proof of a criminal conviction"-does not include indictments or other charging documents. An indictment states what the government "set out to prove," not what the government in fact proved or what the defendant admitted.
 
 United States v. Velasco-Medina
 
 ,
 
 305 F.3d 839
 
 , 852 (9th Cir. 2002). To be sure, the list in § 1229a and the accompanying regulation in
 
 8 C.F.R. § 1003.41
 
 permit the use of "other evidence that reasonably indicates the existence of a criminal conviction."
 
 8 C.F.R. § 1003.41
 
 (d). But, unless the defendant was convicted of a crime listed in the indictment, that indictment cannot "reasonably indicate[ ]" either a conviction or the facts underlying it.
 

 III.
 

 Contrary to the majority's assertions, Shaw's previous challenge to the reliability of the indictment as evidence of his conviction gives us jurisdiction to consider that challenge now. The majority correctly notes that our jurisdiction is limited to claims that Shaw, the noncitizen petitioner,
 raised in his administrative proceedings before the Board.
 
 See
 

 ante
 
 456-57 (citing
 
 8 U.S.C. § 1252
 
 (d)(1) and
 
 Ramirez v. Sessions
 
 ,
 
 887 F.3d 693
 
 , 700 (4th Cir. 2018) ). But this rule "only prohibits the consideration of bases for relief that were not raised below, and of general issues that were not raised below."
 
 Ramirez
 
 ,
 
 887 F.3d at 700
 
 (internal quotation marks and citation omitted). We still may consider "more specific and nuanced points," "subsidiary legal arguments, or arguments by extension, that were not made below" but that "demonstrate how and why" the petitioner is entitled to relief on a previously articulated basis.
 

 Id.
 

 (citation omitted).
 

 Here, Shaw has repeatedly pressed the same basis for relief: failure of proof. As the IJ noted, Shaw contended that the judgment reveals only a "conspiracy" conviction and "that the record is unclear as to the nature of the underlying crime to which [he] pleaded guilty." A.R. 52. He also submitted to the Board that DHS "failed to meet its burden of proof ... because the certified record of conviction [i.e., the judgment
 
 [4]
 
 ], which is the only document that should have been considered by the IJ, is devoid of any reference to [Shaw] being convicted of a drug trafficking offense." A.R. 27. And, he argued, "the records of arrests and charges which were ultimately dismissed do not rise to the level of clear, unequivocal and convincing [evidence] that the Government is obligated to meet," A.R. 29. Shaw further questioned "why the Government did not obtain a more acceptable form of document, such as a plea colloquy to present in this case." A.R. 26. Finally, Shaw stated, "the IJ's acceptance of the records that the Government produced is
 
 also
 
 a violation of
 
 8 CFR § 1003.41
 
 in that a record of indictment is not listed as one of the documents that could be presented to prove conviction." A.R. 26 (emphasis added).
 

 The "more specific and nuanced" arguments that Shaw articulated at oral argument are simply additional reasons "why" the indictment is not clear and convincing evidence that he was convicted of a removable offense.
 
 See
 

 Ramirez
 
 ,
 
 887 F.3d at 700
 
 . At oral argument, counsel explained that the indictment did not match the judgment of conviction-that the indictment charged conspiracy to commit a first-degree offense and the judgment reflected that Shaw pleaded guilty to conspiracy to commit a third-degree offense.
 
 See, e.g.
 
 , Oral Arg. at 05:06-34, 09:56-10:33. This explanation is not a new basis for relief. It is an extension of the same "general issue" that Shaw had been raising all along, a failure of proof.
 
 See
 

 Ramirez
 
 ,
 
 887 F.3d at 700
 
 . To use the majority's term, Shaw's previous argument-that the indictment did "not rise to the level of clear, unequivocal and convincing," A.R. 29-has a
 
 clear
 
 "nexus" (
 
 ante
 
 460) to the more specific argument made at oral argument-that "the indictment does not include" "the factual basis for [his] conviction," Oral Arg. at 05:06-24.
 
 [5]
 

 The cases the majority cites to support its conclusion otherwise are distinguishable. In
 
 Tang v. Lynch
 
 , we lacked jurisdiction to consider a Convention Against Torture (CAT) claim because the noncitizen
 petitioner had never argued to the Board that he was entitled to relief under CAT; he had argued only that he qualified for asylum and withholding of removal.
 
 840 F.3d 176
 
 , 180-83 (4th Cir. 2016). In
 
 Massis v. Mukasey
 
 , we lacked jurisdiction to consider a new claim that the noncitizen petitioner's reckless endangerment conviction was not a crime of violence, and thus not a crime subjecting him to removal.
 
 549 F.3d 631
 
 , 638 (4th Cir. 2008). The noncitizen petitioner had not raised this argument with either the IJ or the Board; in fact, he had conceded removability and argued only that he was eligible for a waiver of deportation.
 

 Id.
 

 at 633-34
 
 . Both the CAT claim in
 
 Tang
 
 and the crime-of-violence challenge in
 
 Massis
 
 were new bases for relief, independent of those the noncitizen had presented to the Board. In contrast, the reliability-of-the-indictment argument that Shaw articulates now rests on the same basis for relief that he has asserted in the past-DHS's failure to provide sufficient evidence of his removability.
 

 IV.
 

 The ties that longtime lawful permanent residents, such as Shaw, "develop to the American communities in which they live and work, should not be lightly severed."
 
 Hernandez-Guadarrama v. Ashcroft
 
 ,
 
 394 F.3d 674
 
 , 682-83 (9th Cir. 2005). Indeed, "drastic deprivations [ ] may follow when a resident of this country is compelled by our Government to forsake all the bonds formed here and go to a foreign land where he often has no contemporary identification."
 
 Woodby v. I.N.S.
 
 ,
 
 385 U.S. 276
 
 , 285,
 
 87 S.Ct. 483
 
 ,
 
 17 L.Ed.2d 362
 
 (1966). For this reason, Congress and the Supreme Court have set a high bar for DHS to remove legal residents: "no deportation order may be entered unless it is found by clear, unequivocal, and convincing evidence that the facts alleged as grounds for deportation are true."
 

 Id.
 

 at 286
 
 ,
 
 87 S.Ct. 483
 
 ;
 
 see
 
 8 U.S.C. § 1229a(c)(3)(A). DHS has plainly failed to clear that bar here.
 

 Of course, Shaw may have been convicted of conspiracy to commit a lesser (third-degree) controlled-substance offense. But, under the INA and Supreme Court precedent, we cannot simply assume that is the case. 8 U.S.C. § 1229a(c)(3)(A) ;
 
 Woodby
 
 ,
 
 385 U.S. at 286
 
 ,
 
 87 S.Ct. 483
 
 . Such speculation would require us to "draw inferences against" Shaw and "effectively carry the government's burden for it."
 
 See
 

 Boggala v. Sessions
 
 ,
 
 866 F.3d 563
 
 , 573 (4th Cir. 2017) (Diaz, J., dissenting). And this Court is neither equipped nor permitted to do so.
 

 I respectfully dissent.
 

 Because DHS seeks to remove Shaw on inadmissibility grounds, I use the terms "inadmissible" and "removable" interchangeably.
 
 See also
 

 ante
 
 note 1.
 

 The indictment contains two other charges, both of which were dropped: one for possession with intent to distribute twenty-five pounds or more of marijuana, in violation of N.J. Stat. Ann. § 2C:35-5a(1), b(10)(a), and one for the same crime "within 1,000 feet of school property used for school purposes," in violation of N.J. Stat. Ann. § 2C:35-7. A.R. 146.
 

 Even assuming that the object crime was a lesser (third-degree) controlled-substance offense, and therefore Shaw is inadmissible under
 
 8 U.S.C. § 1182
 
 (a)(2)(A)(i)(II), he may be eligible for relief from removal-relief that the IJ and the Board determined was not available based on the indictment DHS presented.
 
 See
 

 8 U.S.C. § 1182
 
 (h) (providing for waiver of
 
 8 U.S.C. § 1182
 
 (a)(2)(A)(i)(II)"insofar as it relates to a single offense of simple possession of 30 grams or less of marijuana");
 

 id.
 

 §§ 1101(a)(43), 1229b(a) (providing for cancellation of removal for certain permanent residents convicted of drug crimes so long as crimes do not involve drug trafficking or another aggravated felony).
 

 Although we have used the term "record of conviction" to refer to "the charging document, a plea agreement, a verdict or judgment of conviction, a record of the sentence, or a plea colloquy transcript,"
 
 Bejarano-Urrutia v. Gonzales
 
 ,
 
 413 F.3d 444
 
 , 450 (4th Cir. 2005) (citation omitted), Shaw's counsel used the term to refer to the judgment of conviction.
 
 E.g.
 
 , A.R. 19 (arguing that the immigration judge went "beyond the record of conviction in this case by looking at other ancillary documents such as the indictment record"); A.R. 122 (noting that "the record of conviction for [Shaw] simply shows that he was convicted of a conspiracy offense, which is not a drug trafficking offense").
 

 The majority emphasizes that "Shaw's counsel admitted at oral argument that [the reliability-of-the-indictment] argument was not presented to the Board."
 
 Ante
 
 456 (citing Oral Arg. at 34:15-34:40). But Shaw's counsel also explained that this argument was an extension of the one Shaw had asserted below: "That [argument] was a nuance that was not articulated earlier; however, [ ] it is part of the argument that the evidence is not sufficient here." Oral Arg. at 34:27-36.